IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01790-BNB

STANLEY HELKEY,
Applicant,

v.

HOYT BRILL, K.C.C.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 23 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Stanley Helkey is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Helkey initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his sentence in Arapahoe County District Court case number 99CR2849.

In an order filed on August 4, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On August 27, 2009, Respondents filed their Pre-Answer Response. Although he was given an opportunity to file a reply to the Pre-Answer Response, Mr. Helkey has not done so.

The Court must construe the application liberally because Mr. Helkey is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Helkey was convicted of three counts of sexual assault on a child and three counts of aggravated incest. He originally was sentenced to an indeterminate term of fifty-six years to life in prison. The trial court subsequently amended the mittimus and resentenced Mr. Helkey to an indeterminate term of forty-five years to life in prison. On direct appeal, the Colorado Court of Appeals affirmed the judgment of conviction, vacated the sentences on the aggravated incest counts, and remanded with directions. *See People v. Helkey*, No. 01CA1954 (Colo. Ct. App. Sept. 30, 2004) (unpublished). On February 28, 2005, the Colorado Supreme Court denied Mr. Helkey's petition for writ of certiorari. On May 2, 2005, Mr. Helkey was resentenced again in accordance with the instructions of the Colorado Court of Appeals.

On January 12, 2006, Mr. Helkey filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On February 21, 2006, the trial court denied the Rule 35(c) motion without a hearing. On appeal, the trial court's order denying the Rule 35(c) motion was affirmed in part and the case was remanded for further proceedings with respect to Mr. Helkey's ineffective assistance of counsel claim. *See People v. Helkey*, No. 06CA0526 (Colo. Ct. App. May 15, 2008). On October 6, 2008, the Colorado Supreme Court denied Mr. Helkey's petition for writ of certiorari. According to Respondents, the matter was set for a hearing in the trial court on September 2, 2009.

The Court received the instant action for filing on July 23, 2009. Mr. Helkey asserts three claims challenging his sentence under Colorado's Sex Offender Lifetime Supervision Act (SOLSA). He first claims that the SOLSA is unconstitutional and vague because the term "supervision" is undefined. He also alleges in his first claim that he was denied due process when the trial court imposed an indeterminate sentence under the SOLSA for a minimum term of years and a maximum term of life without a separate hearing or jury determination on the maximum term of life. Mr. Helkey alleges in his second claim that the trial court lacked subject matter jurisdiction to sentence him under the SOLSA because he was not convicted of any crime for which an indeterminate sentence under the SOLSA may be imposed. Mr. Helkey finally claims that the SOLSA is unconstitutional because the only sentence that may be imposed under the SOLSA is a "life" sentence and such a sentence may be imposed only by a jury.

Respondents concede that this action is timely. However, Respondents argue that the action should be dismissed because Mr. Helkey failed to exhaust state remedies for his claims.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has presented his claims fairly to the state appellate courts and exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Helkey failed to exhaust state remedies because, although he raised a number of claims on direct appeal challenging his sentence under the SOLSA, he failed to raise either on direct appeal or in his Rule 35(c) motion the specific claims he is asserting in this action. Based on the Court's review of Mr. Helkey's state court appellate briefs, the Court agrees with Respondents that the claims

4

Mr. Helkey is raising in this action challenging his sentence under the SOLSA were not raised in state court and are not exhausted.

On direct appeal, Mr. Helkey raised the following six claims that relate to his sentence under the SOLSA:

1. The SOLSA violates procedural due process because it confers exclusive authority on the parole board both to place a defendant on parole and to discharge the defendant from parole, because it provides no procedure for determining whether specific offenders present a danger to the public, and because the presumption that a sex offender is dangerous and requires a life sentence is not a fact found by a jury beyond a reasonable doubt.

2. The SOLSA violates substantive due process because it is not narrowly tailored to serve a compelling state interest.

3. The SOLSA violates equal protection because it punishes all sex offenders more severely than non-sex offenders regardless of their conduct and it creates the potential for vastly disproportionate sentences for similarly situated sex offenders.

4. The SOLSA violates the constitutional prohibition against cruel and unusual punishment because the life sentence imposed in most cases will be disproportionate to the crime.

5. The SOLSA violates the separation of powers doctrine by vesting sentencing power over sex offenders to the parole board.

6. The SOLSA violates the privilege against self-incrimination because sex offenders must successfully progress in treatment before being considered for parole

and successful progress in treatment requires a sex offender to admit guilt and disclose other possible offenses without any guarantee of immunity from prosecution.

Mr. Helkey did not raise any claims on appeal from the denial of his postconviction Rule 35(c) motion that relate in any way to his sentence under the SOLSA.

Mr. Helkey cannot exhaust state court remedies by presenting to the state courts a different claim than he raises in federal court. *See Picard*, 404 U.S. at 276. "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Therefore, because the claims Mr. Helkey is raising in this action challenging his sentence under the SOLSA were not raised in any of the state court appellate proceedings, the Court finds that Mr. Helkey failed to exhaust state remedies for the claims he is raising in this action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 23 day of Oct., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01790-BNB

Stanley Helkey
Reg No. 110408
Kit Carson Corr. Center
PO Box 2000 - Unit CA
Burlington, CO 80807

Matthew W. Holman
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/23/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk